# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5313-18T4

STATE OF NEW JERSEY
IN THE INTEREST OF B.L.,
a juvenile.

Submitted November 5, 2020 – Decided December 18, 2020

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Chancery Division, Family Part, Docket No. FJ-06-00-00.

Gurbir S. Grewal, Attorney General, attorney for appellant State of New Jersey (Donna Arons, Assistant Attorney General, of counsel; Candice McLaughlin, Deputy Attorney General, on the brief).

Respondent B.L. has not filed a brief.

PER CURIAM

On June 24, 2019, a Family Part judge refused to vacate his prior order dismissing certain complaints, which he addressed as juvenile delinquency matters, with prejudice. The New Jersey Department of Environmental Protection, Division of Fish and Wildlife (Division), had filed charges under

Title 23 for hunting violations allegedly committed by B.L., a juvenile.[1] The judge dismissed the case because, while acknowledging the State's failure to provide timely discovery was not contumacious, he believed that the juvenile's best interests were served by dismissal under "the totality of the circumstances." We disagree, vacate the dismissal, reinstate the charges, and direct that the proceedings begin anew in the municipal court where they originated.

The Division charged B.L. by way of summons, returnable in the municipal court, that on December 4, 2017, he negligently used a firearm, N.J.S.A. 23:9A-1, and damaged or injured property while hunting, N.J.S.A. 23:7-3. The summonses followed B.L.'s alleged accidental shooting of another hunter in the leg, causing significant injury. The issue of which court has jurisdiction is at the heart of this dispute.

On July 11, 2018, B.L.'s second attorney moved either for a transfer of the case to juvenile court, or outright dismissal because of the State's failure to provide discovery. We do not know whether he made the request on the record, by way of formal motion, by letter, or even whether the municipal prosecutor responded. On July 19, 2018, the municipal court referred the charges to the Family Part.

---

[1] B.L. elected not to participate in the appeal.

The Family Part judge considered the relevant statutes penal in nature in light of the potential consequences to the juvenile, including a five-year suspension of B.L.'s hunting license and the imposition of monetary penalties. The enforcement of penal statutes against minors generally triggers the prosecution of such charges in the juvenile court. R. 5:23-1. B.L. was sixteen at the time of the incident.

The Division contends on appeal, as it did in a very brief statement immediately following the Family Part judge's denial of the Rule 4:50-1(f) motion at issue, that the complaints are civil in nature, should have remained in municipal court, and should not have been transferred to the Superior Court. The analysis leading to our conclusion requires the following chronological history.

In accordance with the Division's standard procedure, the municipal court prosecutor initially handled the matter. See R. 7:8-7(b). On January 16, 2018, B.L. entered not guilty pleas. On April 17, 2018, the municipal court judge postponed the hearing so the prosecutor could provide discovery. We do not know if the continuance granted April 17, 2018, was informal or placed on the record after a formal request. On May 13, 2018, having received additional

discovery from the Division, the prosecutor electronically transmitted it to B.L.'s first attorney.

On June 7, 2018, a further postponement was granted because B.L.'s first attorney had been in a serious motor vehicle accident, which eventually caused him to withdraw. The next scheduled court date, July 11, 2018, resulted in B.L.'s second attorney's successful application to transfer the matter to the Family Part.

On August 10, 2018, the Family Part judge wrote to B.L's second attorney, asserting in one sentence that the court had jurisdiction over the summonses. No reason was given. The judge further stated that although B.L. at the time resided in another county, the matter would be addressed in Cumberland County as an exception to the home county rule, Rule 5:19-1(a)(1), because "this court has gone to length to research the issues involved here and for the sake of judicial economy." The letter fixed the next date for hearing, October 12, 2018, and directed the municipal prosecutor to provide full discovery on or before the end of business on Friday, September 14, 2018. We do not know the reason discovery was mentioned—whether it was the judge's standard practice to set a pre-trial date, or if some discussion took place not included in the record on appeal.

At the October 12, 2018 hearing, due to a calendaring error, the municipal prosecutor failed to appear. B.L.'s second attorney moved to dismiss the matter because of that failure, also mentioning that he had not been provided with discovery. The judge granted the application, dismissing the case for "failure to prosecute."

On October 14, 2018, having been informed of the dismissal, the municipal prosecutor wrote to the court apologizing for his absence. He also requested the matter be relisted because the victim wished to be heard. The judge did not respond.

The municipal prosecutor promptly filed a motion for reconsideration of the court's dismissal. The judge denied reconsideration after oral argument on December 13, 2018. During the hearing, B.L.'s second attorney stated that the first attorney's file did not include discovery, which had just been supplied to him approximately a month before—approximately a month after the dismissal. Referencing Rule 7:7-7(g), the court noted that discovery should have been provided within ten days of the filing of the complaints, making service extremely untimely. The judge reiterated that the matter was in juvenile court because of "the seriousness of the repercussions that could be suffered" by B.L., presumably referring to the potential five-year hunting license suspension, and

A-5313-18T4

potential civil monetary penalties of up to $2000 for a violation of N.J.S.A. 23:7-3, and between $500 and $2000 for a violation of N.J.S.A. 23:9A-1.

Referring to discovery, the Family Part judge added that after "all of the chances" given to the prosecutor, he had failed "to make things right and to do things right[.]" The judge acknowledged the prosecutor readily admitted his scheduling error, and that "a number of officers have sat here the whole afternoon[.]" But since the discovery obligation had been "woefully violated by the prosecutor" and the prosecutor failed to appear on the original scheduled date, he denied the motion. At that juncture, the Attorney General (A.G.'s office) assumed representation on behalf of the Division.

A Division police captain requested transcripts of the October 12 and December 13 proceedings on December 31, 2018; that request was denied on the grounds of the confidentiality of juvenile proceedings. On January 14, 2019, the A.G.'s office made the request; on January 18, 2019, the judge signed an order authorizing release. The A.G.'s office received the order on January 28, 2019. The transcripts were received electronically on February 22, 2019.

Neither the order nor the transcript indicated whether the dismissal was with or without prejudice. When the A.G.'s office inquired, on February 25, 2019, the clerk advised that the dismissal was with prejudice. The A.G.'s office

6

filed the Rule 4:50-1(f) motion on March 11; it is that application that generated the order now appealed.

In rendering findings and conclusions of law on the Rule 4:50-1(f) motion, the judge again opined that the matter fell within the purview of the juvenile statutes, adding that Fish and Wildlife violations were not included in the exceptions to application of the juvenile code found in N.J.S.A. 2A:4A-23. He repeated that he considered his familiarity with the matter, and the time that would be expended in transferring the case, to constitute good cause to keep it in Cumberland County as opposed to transferring it to B.L.'s home county.

The judge found the municipal prosecutor did not provide discovery until at least May 13, 2018, and possibly later. He noted that the Division conceded that by September 25 it was aware that B.L.'s attorney had not received discovery and also noted the prosecutor's failure to appear on the trial date. The judge pointed out that despite the application for reconsideration being untimely, he had nonetheless addressed it. Furthermore, although the documentation supplied by the municipal prosecutor verified that discovery had been sent electronically, the accompanying electronic transmission notification warned the documents would not be available to the recipient beyond May 21. The electronic transmission record did not indicate discovery was downloaded.

7

Therefore, the judge further found the Division failed to prove that discovery had ever been received by the first attorney and credited the second attorney's claim that it was never supplied to him until after dismissal of the charges. The judge relied on his reasons for denying reconsideration as the grounds for denying the Division's Rule 4:50 motion. He highlighted the prosecutor's failure to cure the discovery problem until after dismissal of the complaints and declined to characterize his decision as one rendered on a Rule 4:50 motion.

Concluding that the rules governing the case were found in Part V of the New Jersey Rules of Court, as supplemented by Part III, the judge rejected the State's argument that the applicable rules were found in Part IV.[2] He considered these Fish and Wildlife violations to be criminal or quasi-criminal, and thus properly heard as juvenile proceedings. Explicitly finding that the failure to provide discovery was not contumacious, the judge, applying a totality of the circumstances test, held that the child's right to move on with his life after the

---

[2] Part IV of the New Jersey Rules of Court "govern[s] the practice and procedure of civil actions . . . ." Part V governs family actions. R. 5:1-1. Where applicable, the rules of Part I also govern family actions. Ibid. "Civil family actions shall also be governed by the rules in Part IV insofar as applicable and except as otherwise provided by the rules in Part V. Criminal and quasi-criminal family actions shall also be governed by the rules in Part III insofar as applicable except as otherwise provided by the rules in Part V." Ibid. Finally, "[juvenile] delinquency actions shall be governed by the rules in Part III insofar as applicable and except as otherwise provided by the rules in Part V." Ibid.

charges had been pending for a year warranted the earlier dismissal of the charges with prejudice. He said, "[t]his matter needs to be ended. It needs to be ended in the child's best interest."

The State argues the following points of error:

> 1. THE STATE'S RULE 4:50-1 MOTION SHOULD HAVE BEEN GRANTED IN THE INTEREST OF JUSTICE.
>
>> A. The lower court's decision was flawed because it was based on a mistaken understanding and application of the law.
>>
>> B. The lower court erred in dismissing the complaints with prejudice because the relevant court rules do not allow for dismissal with prejudice.
>>
>>> 1. Dismissal for failure to prosecute is inapplicable here, and sanctions do not include dismissal with prejudice.
>>>
>>> 2. The rules governing sanctions for counsel's failure to appear only permit dismissal as a recourse of last resort when no other remedy is available.
>>>
>>> 3. Dismissal for discovery defects requires a two-part notice and motion practice prior to dismissal with prejudice.
>>>
>>> 4. Court rules governing criminal practice do not allow for dismissal with prejudice.

II. BECAUSE THIS IS A CIVIL, NOT A JUVENILE DELINQUENCY MATTER, IT IS NOT COGNIZABLE IN THE FAMILY PART SO REMAND SHOULD BE TO THE LAW DIVISION OR MUNICIPAL COURT.

Ordinarily, we would simply reiterate the standard of review for <u>Rule</u> 4:50-1(f) motions and begin our analysis there. We are not aware of cases in which the rule has been applied in a juvenile proceeding. The Family Part judge merely characterized the Division's application as "a request to reconsider the denial of a Motion to Reconsider." The difficulty in characterizing even the Division's motion arises from the procedural confusion as to which court has jurisdiction, a question never fairly resolved.

Decisions regarding <u>Rule</u> 4:50-1(f) motions are reviewed for clear abuse of discretion. <u>Housing Auth. of Morristown v. Little</u>, 135 N.J. 274, 283 (1994); <u>Piscitelli v. Classic Residence by Hyatt</u>, 408 N.J. Super. 83, 102 (App. Div. 2009). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." <u>U.S. Bank Nat'l Ass'n v. Guillaume</u>, 209 N.J. 449, 467 (2012).

Motions for reconsideration are also reviewed for abuse of discretion. <u>Kornbleuth v. Westover</u>, 241 N.J. 289, 301 (2020). The reconsideration rule

10

requires the moving party to "convince the court that either 1) it has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87-88 (2010)). The burden is on the movant to state "with specificity the basis on which [the motion] is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2.

Regarding the judge's discussion, he acknowledged that the municipal prosecutor's failure to provide discovery was not contumacious. We cannot tell from this record if the municipal prosecutor did in fact fail to provide timely discovery in the first instance. We do not know, for example, if the initial inactivity in the case was attributable to B.L.'s delay in retaining counsel. We do not know the date of a counseled first appearance, or if the issue of discovery was raised then. Although discovery was sent to B.L.'s first attorney, he did not acknowledge receipt. We also know that on some unknown date, the attorney was in a serious accident which made it impossible for him to continue to represent B.L. If, for example, the first attorney failed to download the

discovery because of his personal circumstances, it would be unfair to visit the sanction of a dismissal with prejudice on the Division.

Certainly, the municipal prosecutor did not timely respond to the request for discovery made by B.L.'s second attorney, and that conduct appears to be unexcused. But he may not have been as responsive because he thought that he had previously provided discovery and that it was in the second attorney's file. No claim is being made here that the attorney's failure to provide discovery was willful, or deceitful, or intended to prevent the matter from moving forward. Pursuant to Rule 1:2-4, the court had the option of imposing other sanctions for the municipal prosecutor's failure to appear and the untimely production of discovery, as opposed to an outright dismissal with prejudice.

Thus, in this case, the dismissal with prejudice of charges arising from an accidental shooting does appear to be a decision made without a "rational explanation" and in violation of the policy behind our rules—criminal and civil—to dismiss matters with prejudice only in extreme circumstances. See R. 1:13-7; R. 3:25-3; R. 4:23-5. Those circumstances are not present here.

Additionally, we do not agree that the stress inflicted on B.L. because of the delays justified a dismissal with prejudice. Given the comparatively minor possible sanctions, B.L. no doubt was able to move forward with his life

regardless of the pendency of proceedings. As has been said long ago in a different context, "[u]ntil courts have exhausted means of performing their shepherding function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant's way to the courtroom." Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J. Super. 405, 407 (App. Div. 1986). The Family Part judge's decision was a mistaken exercise of discretion.

Hunting statutes, by their very nature, implicate public safety. Therefore, whether this is a criminal, quasi-criminal, or civil matter is important. By returning the case to the starting point, we do not suggest the outcome. Counsel for both parties shall be afforded the opportunity to brief and argue the question of which court has jurisdiction before the municipal court judge for an initial determination. Thereafter, either a transfer to the juvenile court or an appeal to the Superior Court, Law Division, may follow. A record of facts and legal analysis will be developed in due course that will enable, if need be, appellate review as well.

The dismissal with prejudice is vacated. The complaints are reinstated, and the matter is remanded to the municipal court.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5313-18T4